**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.:2:21-cr-18 |
| REGAL HOSPITALITY SOLUTIONS, LLC; SARGIS MAKARYAN; KAREN MAKARYAN; SAMVEL NIKOGHSYAN; ARTUR GRIGORYAN; ARMEN AYRAPETYAN; FREMIE BALBASRO; and JASON HILL, | |
| Defendants. | |

**O R D E R**

This matter is before the Court on Defendants' Joint Motion to Supplement Court's Order as well as Defendants' Supplement to the Joint Motion.  Docs. 341, 346.  The Government filed a response in opposition.  Doc. 347.  In their Motion, Defendants ask the Court to continue or limit the scheduled May 2, 2022 motions hearing.  See Doc. 341 at 5.  Having fully considered Defendants' Motion, the Motion is **DENIED**.  The May 2, 2022 hearing will proceed as scheduled.

However, to ensure the efficiency of these proceedings, the Court will clarify the scope of the issues to be addressed at the May 2, 2022 hearing.  At the hearing, the Court will take oral argument on the pending motions related to purportedly privileged documents (i.e., docs. 194, 242, 273, 274).  Regarding these motions, the Court will take argument on three issues: (1) the need for an evidentiary hearing; (2) the need for discovery related to these motions; and (3) the merits of the motions, to the extent the merits can be addressed without an evidentiary hearing or

additional discovery.  To be clear, the Court will not conduct an evidentiary hearing on May 2, 2022.  If an evidentiary hearing is deemed necessary, that hearing will be set for a later date.

Regarding the need for the evidentiary hearing on the pending motion to dismiss, the parties should be prepared to address whether the standard in United States v. Voigt, 89 F.3d 1050, 1067 (3d Cir. 2000) should apply in this case, and, if so, how the standard should be applied to the facts of this case.  In Voigt, the court considered a defendant's claim that law enforcement officers and prosecuting attorneys violated the defendant's due process rights by invading the attorney-client privilege, and that the violations required dismissal of the indictment, or, at a minimum, an evidentiary hearing on the issue.  The reviewing court determined the trial court was only required to conduct an evidentiary hearing if the defendant presented a colorable claim of outrageous government conduct, which required the defendant to demonstrate "an issue of fact as to each of the three following elements: (1) the government's objective awareness of an ongoing, personal attorney-client relationship . . .; (2) deliberate intrusion into that relationship; and (3) actual and substantial prejudice."  Voigt, 89 F.3d at 1067 (citing cases).  See United States v. Kennedy, 225 F.3d 1187 (10th Cir. 2000) (applying Voigt standard).

In addition to the motions identified above, at the May 2, 2022 hearing, the Court will take oral argument on any other then-pending and unresolved pretrial motions.  The parties are reminded of the obligation to provide a joint status report identifying unresolved motions on or before April 27, 2022.

**SO ORDERED**, this 15th day of April, 2022.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA